FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
NOV 17 2003
DAVID J. MALAND, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JACK RICHARD PATTON, | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | NO.: 2:03cv____ |
| | § | |
| VS. | § | JURY |
| | § | |
| DOW CHEMICAL COMPANY | § | SECTION: _____ |
| AND MONSANTO COMPANY, | § | MAGISTRATE: _____ |
| | § | |
| Defendants. | § | |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
* MAR 18 2004 *
BROOKLYN OFFICE

WEINSTEIN, J.

CV 04 1191

COMPLAINT FOR DAMAGES

NOW INTO COURT, comes Plaintiff, Jack Richard Patton, who avers the following:

I.

### NATURE OF CASE

1. Defendants have negligently produced and manufactured an unreasonably dangerous product and placed it into the stream of commerce. Through the joint and combined negligence and/or gross negligence of Dow Chemical and Monsanto, through their acts and/or failures to act, Plaintiff was exposed to hazardous, toxic and carcinogenic substances which, upon information and belief, included but were not limited to, herbicides that contained 2,3,7,8 tetrachlorodibenzo-p-dioxin (e.g. TCDD or dioxin), thought to be one of the most toxic substances known to man.

A TRUE COPY I CERTIFY
DAVID MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT TEXAS
By: _____

## II.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter because this is a claim by a resident of the State of Texas against Defendants that are foreign corporations. Diversity exists between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00.

## III.

## PARTIES

### Plaintiff

3. Jack Richard Patton, is a person of full age of majority, domiciled in the State of Texas. Due to his exposure to the carcinogenic dioxin chemical commonly known as "Agent Orange", he has suffered injury including costs of medical treatment, loss of wages and income, mental and emotional suffering, humiliation and frustration, and many other economic, physical, and emotional losses, including loss of consortium, and other damages to be proven during the trial.

### Defendants

4. Dow Chemical Company (also referred to as "Dow") is a Delaware corporation. Dow is headquartered in Midland, Michigan, with multiple principal places of business located in the State of Texas, which that manufacture, advertise and sell chemicals throughout the United States, including the Eastern District of Texas.

5. Monsanto Company (also referred to as "Monsanto") is a Delaware corporation. Monsanto manufactures chemical and agricultural products, pharmaceuticals, industrial process controls, and consumer products at sites located throughout the country, including the State of Texas. It does business worldwide and maintains a corporate headquarters in St. Louis, Missouri.

6. Hereinafter, Plaintiff when referring to all Defendants will do so collectively by calling them "Chemical Companies".

## IV.

## FACTS

7. Plaintiff asserts that during the Vietnam war, he was a soldier in the United States Marine Corps. From May, 1965 until May, 1966, Plaintiff served as Hospital Corpman in the 3rd Medical Battalion of the 3rd Marine Division. While evacuating injured soldiers from different landing zones in Vietnam, Plaintiff was regularly in contact with the product commonly referred to as Agent Orange, a form of phenoxy herbicide that contained 2,3,7,8 tetrachlorodibenzo-p-dioxin (e.g. TCDD or dioxin).

8. In March, 1999, Plaintiff was diagnosed with Chronic Lymphocytic Leukemia ("CLL leukemia"), which is nearly always terminal. In February, 2003, Plaintiff underwent a stem cell transplant. At that time, he was advised by his physician that his condition was related to his exposure to Agent Orange.

## V.

## CAUSES OF ACTION

### Count One – Negligence

9.   Plaintiff realleges and incorporates herein, as if fully set forth, each and every allegation contained in Paragraphs 1 through 8 hereof, and further alleges:

10.  The Defendants had a duty to the Plaintiff to produce and sell a reasonably safe product in design and manufacture, and to warn of the hazardous and unreasonably dangerous nature of Agent Orange and to warn of the dangerous and toxic nature of dioxin products.

11.  The Defendants breached their duty of reasonable care to the Plaintiff by the following acts or omissions:

    A.   Failure to design, manufacture, and sell Agent Orange that was not carcinogenic and/or a product that did not contain unreasonably dangerous levels of dioxin;

    B.   Failure to warn the Plaintiff of the dangerous and toxic nature of Agent Orange, when they knew or reasonably should have known of dioxin's hazardous qualities, dangerous and toxic nature;

    C.   Otherwise failing to exercise proper care under the circumstances, due to knowledge of the health hazards and health risks of handling the chemical and inhaling Agent Orange mist.

12.  As a direct and proximate result of the carelessness, negligence, fault, silence, omission, and inaction of the Defendants, the Plaintiff has suffered reasonable and foreseeable damages in an amount to be proven at trial, including, without limitation, physical and economic injury, and severe emotional distress. Each of the Defendants, therefore, are liable to the Plaintiff jointly and severally for all general, special and equitable relief to which Plaintiff is entitled by law.

## Count Two -- Breach of Warranty

13.     Plaintiff realleges and incorporates herein, as if fully set forth, each and every allegation contained in Paragraphs 1 through 12 hereof, and further alleges:

14.     The Defendants breached their warranties by offering for sale, and selling as not dangerous, the Chemical Companies' dioxin products that were lethal and dangerous.

15.     The Defendants' breach of their express warranties of fitness for a particular use has caused the Plaintiff to become sick and ill. The Defendants, therefore, are liable to the Plaintiff jointly and severally, for all general, special and equitable relief to which the Plaintiff is entitled by law.

16.     The Defendants impliedly warranted that their dioxin products, which they designed, manufactured, distributed, and sold to the United States government were merchantable for their ordinary use, that the Agent Orange in the defoliant was not unreasonably dangerous nor toxic.

17.     The Defendants' defoliant purchased and consumed by agents of the United States was dangerous, toxic, unmerchantable, and therefore unfit for use when sold, and subjected the Plaintiff to danger. Therefore, the Defendants breached the implied warranty of merchantability at the time the Defendants' dioxin products were sold to the United States military in that the Defendants' defoliant dioxin products were not fit for their ordinary purpose.

18.     As a direct and proximate result of the Defendants' breach of the implied warrant of merchantability, Plaintiff is ill and disease stricken. The Defendants, therefore, are liable to the Plaintiff jointly and severally, for all general special and equitable relief to which the Plaintiff

is entitled by law.

### Count Three – Strict Liability

19. Plaintiff realleges and incorporates herein, as if fully set forth, each and every allegation contained in Paragraphs 1 through 18 hereof, and further alleges:

20. At all relevant times herein, the Chemical Companies were engaged in the business of manufacturing and selling their dioxin products for agricultural sale to consumers knowing the danger and toxic nature of dioxin. The Chemical Companies manufactured dioxin, failed to warn of its carcinogenic products, and then distributed and sold this product to United States residents, commercial farmers and the United States military despite the dangerous and toxic nature of Agent Orange.

21. The Chemical Companies' dioxin was expected to and did reach the Plaintiff without substantial change in their condition as manufactured, distributed and sold by the Chemical Companies.

22. The Plaintiff inhaled defoliating chemicals that were intended to be used in defoliating the jungles of Vietnam. The product harmed Plaintiff by causing and/or subjecting the Plaintiff to become sick after contracting CLL leukemia. Owing to this sickness, Plaintiff has required chemotherapy and stem cell transplant surgery to survive.

23. The Plaintiff was not aware of, and reasonably could not have discovered, the carcinogenic nature of dioxin and how dangerous it was, the Chemical Companies' manipulation of their knowledge of the dangers it posed, and the Chemical Companies' intent to enter this product into the stream of commerce, because Agent Orange was marketed and sold to the United

States military without adequate warnings of dioxin's dangers to humankind or of its inherently dangerous nature.

24. The Chemical Companies' dioxin defoliation products, containing levels of carcinogenic compounds, caused or subjected the Plaintiff to become sick and contract disease upon exposure and, therefore, constitutes a product unreasonably dangerous for normal use to its defective design, defective manufacture, and the Chemical Companies' inadequate warnings to the Plaintiff.

25. The Chemical Companies, therefore, are strictly liable to the Plaintiff jointly and severally, for all general, special, and equitable relief to which the Plaintiff is entitled.

VI.

## EXEMPLARY DAMAGES

26. Plaintiff realleges and incorporates herein, as if fully set forth, each and every allegation contained in Paragraphs 1 through 25, and further alleges:

27. Chemical Companies' actions as described above were reckless, intentional or with sufficient conscious disregard to Plaintiff's safety as to be wilful, wanton and malicious, and constitutes gross negligence for which Plaintiff seeks exemplary damages.

VII.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against the Defendants, and each of them jointly and severally as follows:

1. For compensatory damages as alleged herein;


2. For exemplary damages as alleged herein;

3. For medical monitoring, whether denominated as damages or in the form of equitable relief;

4. For reasonable attorney's fees;

5. For pre-judgment interest from the date of filing this suit;

6. For all costs of this proceeding; and

7. For all general, special and equitable relief to which the Plaintiff is entitled by law.

Respectfully submitted,

TUCKER & RATCLIFFE, L.L.P.

_____
JOHN L. RATCLIFFE
State Bar No. 16560500
JAMES RUSSELL TUCKER
State Bar No. 20272020

500 N. AKARD STREET
SUITE 3500
DALLAS, TEXAS 75201
(214) 740-3000
(214) 740-3001 - Fax

**ATTORNEYS FOR PLAINTIFF**